**Ruther ARCHER and Harold Richardson, Plaintiffs,**

v.

**AIR JAMAICA, Defendant.**

**No. 09–61936–CIV.**

United States District Court, S.D. Florida.

June 25, 2010.

July 7, 2010.

**402**

David Rowe, for Plaintiffs.

Mark Cheskin and Kristen Foslid, Hogan Lovells U.S. LLP, Miami, FL, for Defendant Air Jamaica.

### ORDER ON THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING FEES AND COSTS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Sanctions, filed June 10, 2010 (D.E. 27). The Motion was referred to Magistrate Judge Simonton, who issued a Report recommending that Defendant's Motion be GRANTED, that Plaintiffs' Complaint be stricken, and that this case be dismissed (D.E. 30). Plaintiffs filed an objection to Judge Simonton's Report on July 4, 2010 (D.E. 31).

THIS COURT has made a *de novo* review of the entire file and record herein and is otherwise fully advised in the premises. By way of background, Plaintiffs are former customer service employees of Defendant. They filed suit against Defendant on November 19, 2009, alleging that Defendant falsely represented to the public that "both plaintiffs were dishonest and discharged them from employment." (Complaint ¶¶ 4–5.) Specifically, "Air Jamaica employees have written and told members of the public that 'Archer and Richardson have been fired for theft.'" (Complaint ¶ 9.) Plaintiffs allege that these misrepresentations were false because the "real reason for the discharge relates to the economic condition of the airline," and as a result of this misrepresentation, "both plain-

tiffs have suffered loss of employment and damage to their reputation." (Complaint ¶¶ 7–8.) On December 8, 2009, Defendant removed the case to this Court.

Defendant now moves the Court to strike Plaintiffs' Complaint and dismiss this action as a sanction for Plaintiffs' repeated failure to comply with discovery orders and respond to discovery requests. Plaintiffs did not respond to Defendant's Motion. After careful consideration of Defendant's Motion, Judge Simonton recommends that the undersigned grant the Motion. The undersigned agrees.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court may impose sanctions, which may include "striking pleadings in whole or in part," if a party "fails to obey an order to provide or permit discovery[.]" Fed.R.Civ.P. 37(b)(2). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal ... [T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir.1993) (citations omitted).

The Court finds that dismissal is an appropriate sanction in this case. Plaintiffs have repeatedly failed to comply with the Federal Rules of Civil Procedure, the Scheduling Order for Pretrial Conference and for Trial, and the Court's Orders on Defendant's Motions to Compel. As Judge Simonton thoroughly detailed in her Report, Defendant has had to file three motions to compel because Plaintiffs have repeatedly failed to provide adequate initial disclosures. At the time of Defendant's Motion for Sanctions, Plaintiffs had still not responded in any way to Defendant's First Set of Interrogatories and First Requests for Production—notwithstanding the fact that the deadline passed four weeks prior. And Plaintiffs failed to even respond to Defendant's Motion for Sanctions despite Judge Simonton's Order to do so by June 24, 2010, which explicitly warned that any "failure by Plaintiffs to timely file an adequate response to Defendants['] motion may well result in the striking of the Complaint and

the dismissal of this action without further notice to Plaintiffs." (See D.E. 29.)

Plaintiffs' repeated failures to comply with this Court's discovery orders—without any explanation[1]—demonstrates that their violations are not the result of simple negligence, misunderstanding, or inability to comply. Also, Plaintiffs' repeated failures to comply with this Court's discovery orders and response deadlines—notwithstanding the Court's warnings that failure to do so may result in dismissal[2]—further demonstrates that they are not likely to comply in the future if the Court were to impose less drastic sanctions now. Finally, Defendant has been severely prejudiced by Plaintiffs' willful disobedience as it has been forced to spend almost four months of the discovery period trying to get Plaintiffs to provide the most basic disclosures and discovery responses.

Plaintiffs filed an objection to Judge Simonton's Report (D.E. 31), but the Court finds it unpersuasive. They simply state that dismissal is too harsh a sanction because they sent their responses to Defendant's First Set of Interrogatories and First Requests for Production on June 18, 2010—one week after Defendant filed its Motion for Sanctions—and that Defendant's counsel did not respond to their request for an extension of time. Plaintiffs do not, however, explain why they have been noncompliant with every other discovery request or Court order.

The Court agrees that dismissal of an action for failure to timely respond to a single discovery request would be too harsh a sanction. But Plaintiffs have done more than this. They have demonstrated a *pattern* of noncompliance. For example, despite Defendant's three motions to compel, Plaintiffs have still failed to provide as part of their initial disclosures the contact information of the persons who heard the alleged misrepresentations, and the case is over seven months old. Further, despite Defendant's three motions to compel, Plaintiffs have still failed to provide as part of their initial disclosures an explanation of how each Plaintiff calculated each category of damages. Instead, Plaintiffs simply responded to Defendants with the following: "The Wage lost $10,000, Benefits $15,000, $1500 gas, driving costs, closing for new job interviews, and telephone costs, Total-$26,500[.]" (See D.E. 27–2, Email from Plaintiff's Counsel dated May 14, 2010). Thus, Defendant still has no idea whether both Plaintiffs are claiming lost wages and, if so, how much each Plaintiff is claiming. Defendant still has no idea whether both Plaintiffs are claiming $15,000 in Benefits, much less what type of benefits they are claiming.

Moreover, Plaintiffs have not simply delayed in responding to just one of Defendant's discovery requests; Plaintiffs failed to timely provide their initial disclosures and wholly failed to respond to Defendant's Second Motion to Compel (D.E. 13) and Defendant's Motion for Sanctions (D.E. 27).

Thus, for the reasons stated here and in Judge Simonton's Report, it is hereby

ORDERED and ADJUDGED that United States Magistrate Judge Simonton's Report and Recommendation of June 25, 2010 is RATIFIED, AFFIRMED and ADOPTED. It is further

ORDERED AND ADJUDGED that Plaintiffs' Complaint is STRICKEN and this case is DISMISSED.

### REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION FOR SANCTIONS

ANDREA M. SIMONTON, United States Magistrate Judge.

Presently pending before the Court is Defendant's Motion For Sanctions (DE # 27). This motion is referred to the undersigned Magistrate Judge (DE # 28). Plaintiffs have not responded to the motion, even though this Court ordered them to respond no later than 4:00 p.m. on June 24, 2010. For the

---

1. Plaintiffs did not even bother to timely respond to Defendant's Second Motion to Compel (D.E. 13) or Defendant's Motion for Sanctions (D.E. 27).

2. Plaintiffs did not head this Court's warning that failure to adequately provide initial disclosures may result in dismissal, nor did Plaintiffs head the Court's warning that failure to response to Defendant's motion for sanction may result in dismissal. (See D.E. 11 and 29.)

reasons stated below, it is recommended that Defendant's motion be granted and that the case be dismissed.

### I. *Background*

On November 19, 2009, Plaintiffs Ruther Archer and Harold Richardson sued Defendant Air Jamaica in Florida state court for defamatory misrepresentation, alleging that they were both experienced customer representatives of Air Jamaica at the Fort Lauderdale airport, and that Air Jamaica had discharged Plaintiffs, and also falsely represented to Plaintiffs and to members of the public that both Plaintiffs were fired for theft. Plaintiffs claim they were really discharged for reasons relating to the economic condition of Defendant (DE # 1 at 15–16). On December 8, 2009, Defendant removed the case to this court (DE # 1). Also on December 8, 2009, Defendant filed an Answer to the Complaint (DE # 3).

On March 9, 2010, Defendant moved to compel Plaintiffs to provide initial disclosures (DE # 10). On the same day, the District Court granted the motion, and ordered Plaintiffs to serve their Initial Disclosure on or before March 17, 2010. The District Court noted that failure to comply with the Order might result in dismissal of the action (DE # 11). In response to the Court's Order, Plaintiffs served their initial disclosures on March 10, 2010 (DE # 12).

On March 22, 2010, Defendant filed a Second Motion to Compel Relating To Initial Disclosures, contending that Plaintiffs' initial disclosures were still inadequate (DE # 13). Plaintiffs did not timely respond to this motion, and on April 9, 2010, this Court granted the motion by default, ordering Plaintiffs, by April 22, 2010, to provide better initial responses 1) stating the names, addresses, telephone numbers (to the extent known) for a) those representatives of Defendant who purportedly made a negligent misrepresentation, and b) those members of the public and/or employees of Defendant who purportedly heard any alleged negligent misrepresentation, and 2) a) explaining each category of monetary damages they claim; b) explaining how they calculated each category and c) providing copies of documents supporting the damages calculation (DE # 15). On April 12, 2010, in response to the Court's Order, Plaintiffs supplemented their initial disclosures.

On April 23, 2010, Defendant filed a Third Motion to Compel Complete Responses to Initial Disclosures In Compliance With Prior Court Order, contending that Plaintiffs' supplemented initial disclosures were still inadequate (DE # 20). On April 29, 2010, following a telephonic hearing, this Court granted Defendant's motion and ordered Plaintiffs, on or before May 10, 2010, to provide Defendant with 1) the identity, to the extent known, of all persons who heard the alleged misrepresentations; 2) the identity, to the extent known, of the persons who Plaintiffs claim shunned them because of the alleged misrepresentations; 3) the "subjects of [the] information" which Plaintiffs attribute to each of the nine persons who they named in their April 12, 2010 disclosure, as required by Fed. R.Civ.P. 26(a)(1)(A)(i); and 4) more specific information concerning how Plaintiffs have calculated each category of damages which they provided in their April 12, 2010 disclosure, including a separation of the damages claimed by each Plaintiff; and, all documents supporting those calculations (DE # 24).

On May 14, 2010, after receiving an extension of the May 10, 2010 deadline from Defendant, Plaintiffs provided supplemental initial disclosures, which Defendant contends are still inadequate (Ex. B to DE # 27).

Plaintiffs also have not responded at all to Defendant's First Set of Interrogatories to Plaintiff Richardson (Ex. C to DE # 27); Defendant's First Set of Interrogatories to Plaintiff Archer (Ex. D to DE # 27); and Defendant's First Request for Production of Documents to Plaintiffs (Ex. E to DE # 27), which were all served on April 7, 2010 and for which responses were due on May 10, 2010 (DE # 27 at 3–4, 6).

On May 19, 2010, Defendant, through an email, attempted to informally resolve all the pending discovery issues, but Plaintiffs did not respond (Ex. F to DE # 27).

This motion followed.

## II. *Defendant's Motion*

Defendant asks this Court to dismiss Plaintiffs' action as a sanction, pursuant to Fed.R.Civ.P. 37(b)(2)(C), due to Plaintiffs' pattern of repeated willful disobedience of Court Orders requiring Plaintiffs to provide adequate initial disclosures and to produce discovery responses. Defendants' submits that it has been prejudiced because the discovery cutoff is September 15, 2010, and Defendant still does not have Plaintiffs' initial disclosures or discovery responses, which Defendant needs to issue further discovery requests and schedule depositions. Defendant states that only the sanction of dismissal is appropriate because Plaintiffs have repeatedly demonstrated that they do not respond to lesser sanctions, which have not even ensured Plaintiffs' compliance with Court Orders. Even in the face of the Court warning Plaintiffs on more than one occasion that failure to comply with Court Orders might result in dismissal of the case, Plaintiffs have failed to comply (DE # 27 at 6–8).

## III. *Analysis*

Plaintiffs have consistently failed to comply with this Court's orders concerning discovery. Indeed, on June 16, 2010, the undersigned ordered Plaintiffs to respond to the instant motion by June 24, 2010 at 4:00 p.m., and Plaintiffs have not filed a response to Defendant's motion. Plaintiffs have consistently failed to provide adequate initial responses, even after receiving very specific orders of this Court as to what to include. Furthermore, Plaintiffs have not responded to Defendant's First Set of Interrogatories to Plaintiff Richardson; Defendant's First Set of Interrogatories to Plaintiff Archer; and Defendant's First Request for Production of Documents to Plaintiffs, all of which were served on April 7, 2010 and for which responses were due on May 10, 2010. Moreover, Plaintiffs have apparently not responded at all to Defendant's May 19, 2010 attempt to informally resolve all the discovery issues.

■ Pursuant to the Federal Rules of Civil Procedure, a party that "fails to obey an order to provide or permit discovery" is subject to a further order imposing sanctions which may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b). In order to impose the extreme sanction of a default judgment under Rule 37(b), the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 571 (S.D.Fla. 2001) (citing, *inter alia, Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)).

■ The undersigned finds that Plaintiffs have exhibited numerous willful failures to obey discovery orders and other orders of this Court. The undersigned further finds that Defendant has been prejudiced by Plaintiffs' violation. Defendant has had to spend almost four months of the discovery period trying to obtain basic disclosures and discovery responses. Thus, Defendant has not been able to schedule depositions or take further discovery due to Plaintiffs' failure to provide any discovery responses and adequate initial disclosures. Finally, the undersigned finds that no lesser sanction would punish Plaintiffs' violations adequately and ensure future compliance with court order. Despite multiple warnings that failure to comply with Court Orders might lead to the dismissal of their case, Plaintiffs have defied this Court's Order and have not filed the ordered response to Defendant's motion. Therefore, the undersigned recommends, pursuant to Rule 37(b), that Plaintiffs' Complaint be stricken and that this case be dismissed.

Therefore, for the reasons stated above, it is hereby

**RECOMMENDED** that Defendant's Motion For Sanctions (DE # 27), be

**GRANTED,** that Plaintiffs' Complaint be stricken and that this case be dismissed.

The parties will have fourteen days from the date of service of this Order within which

to file written objections, if any, for consideration by the Honorable Ursula Ungaro, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida on June 25, 2010.